UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HENRY MAYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01986-JMS-MJD |
| | ) |
| AARON CLAPP, et al. | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
HON. MAGISTRATE JUDGE MARK J. DINSMORE**

On November 21, 2019, the Court held an *ex parte* telephonic hearing on Plaintiff's counsels' Motion for Withdrawal of Appearance by Attorneys, for which the Court ordered Plaintiff Henry Maye to appear by telephone.[1] [Dkt. 37.] Plaintiff Henry Maye failed to appear for the hearing as ordered, and at the conclusion of the hearing, the Court granted counsels' motion to withdraw their representation of Plaintiff. [Dkt. 39.] The Court's Order dated November 21, 2019 stated as follows:

> Unless and until new counsel appears to represent Plaintiff, **Plaintiff Henry Maye shall be personally responsible for the litigation of this matter**. Specifically, Mr. Maye is reminded that he must appear for the telephonic status conference previously scheduled for **November 26, 2019 at 12:00 p.m. (Eastern)** [Dkts. 25, 34, & 37], which the parties shall attend by calling

---

[1] Plaintiff's former counsel filed proof of service of the Court's order on Mr. Maye. [Dkt. 38.] Furthermore, during the hearing, Plaintiff's former counsel confirmed that the Court's order scheduling the November 21, 2019 telephonic hearing was served on Mr. Maye the same way that the Court's prior order scheduling an in person hearing on November 8, 2019 [Dkt. 32] had been served and Mr. Maye plainly received that order. [*See* Dkt. 36.]

> 877- 873-8017, Access Code 7786882, Security Code 191986. Plaintiff is further reminded that his response to Defendants' Motion for Summary Judgment remains due on or before **November 27, 2019**. [Dkt. 30.] Plaintiff's failure to appear and continue to prosecute this case may result in the Court's determination that Plaintiff has abandoned his claims.

[Dkt. 39 at 1-2 (emphasis in original).]

On November 25, 2019, Plaintiff Henry Maye called the Magistrate Judge's chambers and spoke with his Courtroom Deputy, Geeta DeVellen.  Mr. Maye stated that he is out of the country and did not plan to appear for the November 26, 2019 telephonic status conference. The Magistrate Judge's Courtroom Deputy reminded Mr. Maye that he previously failed to appear as ordered for the November 21, 2019 *ex parte* hearing and, since Mr. Maye is now responsible for the litigating this matter, the Court would still be expecting Mr. Maye to call in to participate as ordered on November 26, 2019.  Mr. Maye was further told that if he were to simply call to the Magistrate Judge's chambers on November 26, 2019, just as he had done on November 25, 2019, the Magistrate Judge's staff would be happy to connect Mr. Maye into the Court's teleconference line to assist in facilitating Mr. Maye's participation in the November 26, 2019 telephonic status conference. On November 26, 2019, the Court held a telephonic status conference.   Defendants appeared by counsel; Plaintiff Henry Maye again failed to appear as ordered.

A district court has the inherent authority to impose sanctions on [a party] for the "willful disobedience of a court order." See *Trzeciak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation omitted). A

court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

      The standards set for counsel are expected of *pro se* litigants. "Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants." *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000). "Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant who chooses *himself* as legal representative should be treated no differently." *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (emphasis in original). Therefore, while *pro se* litigants are given some leniency as to the substance of their pleadings, all litigants must follow the same procedural requirements. This includes notifying the Court of any address change, monitoring case updates on the docket, and appearing before the Court when ordered. *Pro se* litigants are held to the same procedural requirements as legal counsel.

      Plaintiff Henry Maye has repeatedly failed to comply with the Court's orders by failing to appear as ordered for the November 21, 2019 *ex parte* hearing [Dkt. 39] and the November 26, 2019 telephonic status conference [Dkt. 40]. Accordingly, the Magistrate Judge recommends that Plaintiff Henry Maye's claims in this matter be dismissed for Plaintiff's repeated failures to comply with the Court's orders.

      Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to

timely file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:   26 NOV 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

HENRY MAYE
6628 Westland Drive
Brownsburg, IN 46112

Jeremy Michael Dilts
CARSON LLP
dilts@carsonllp.com